

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. D. Stringer
County Attorney
Hall County
Memphis, Texas

Dear Mr. Stringer:

Opinion Number O-4621
Re: Can a road district pay off
a road indebtedness with
money voted for road bonds
and invest the remainder in
United States War Bonds?

We acknowledge receipt of your letter of May 23,
wherein you enclosed a copy of your opinion to the Honorable
W. D. Morrison, Commissioner, Precinct 1, of your county,
and ask our advice as to whether or not you have correctly
advised the Commissioner. We quote from your opinion as
follows:

"Some years past the voters in Consolidated
Road District No. 1, consisting of Commissioners'
Precincts Nos. 1 and 2, voted bonds for the 'opera-
tion, construction and maintenance' of roads in
said Consolidated District. After the election a
number of such bonds were issued and roads con-
structed. Subsequently, and recently, $40,000 of
such bonds not heretofore issued, were issued and
sold. Of this $40,000 in the bond account, $20,000
was transferred to the operation account of the
Road and Bridge Fund of Precinct 2, and $20,000
has or will be transferred to the Road and Bridge
Fund of Precinct 1. The $20,000 transferred to
Precinct 2 has or will be used for the construction
of a road in said Precinct 2.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"You have asked my opinion as to whether you as Commissioner of Precinct 1 can use $4,000 of said $20,000 which has or will be transferred to the Road and Bridge Fund of your precinct for the payment of $4,000 of indebtedness represented by warrants against the Road and Bridge Funds of Precinct 1, which said warrants have been heretofore issued for the purchase price of road machinery for your precinct; and whether the balance of $16,000 can be used for the purchase of United States War Bonds.

"It is a cardinal rule that the proceeds of a bond issue voted by the people cannot be diverted from the purpose for which they were voted. The bonds in this case were voted for the purpose of 'operating, constructing and maintaining roads' in Consolidated Road District No. 1.

"The terms of this bond issue were broad, and while it may be a strained construction, still I believe it will be lawful for you to pay a debt of your precinct, and invest any surplus in U. S. bonds. I think that you could clearly buy machinery to maintain your roads, and it would seem that you could also pay for such machinery already bought."

Statutory authorization is essential to the issuance of obligations by a county in the form or nature of bonds, and where power to issue bonds has been conferred it must be exercised in the manner and for the exact purposes prescribed by the law. Robertson v. Breedlove, 61 Tex. 316; Lasater v. Lopez, 217 S. W. 373; Adams v. McGill, 140 S. W. (2d) 332.

We find no provision in the Constitution or the Statutes of Texas authorizing a road district to issue bonds for the purpose of paying indebtedness represented by warrants or for paying any past due obligation of said district. Any legally issued warrants may be refinanced and refunded into bonds under the authority of the Bond and Warrant Law of 1931. (Article 2368a, Vernon's Annotated Civil Statutes).

Honorable H. D. Stringer, page #3

Road district bonds are authorized by Article 3, Section 52, Constitution of Texas, and General Laws, 39th Legislature, First Called Session, 1926, page 23, (Articles 752a, et seq., Vernon's Annotated Civil Statutes). Road districts are authorized to issue bonds for the purpose of "the construction, maintenance and operation of macadamized, gravelled or paved roads and turnpikes, or in aid thereof."

It is a fundamental principle of law that the proceeds derived from the sale of bonds must be devoted to the purpose for which the bonds were issued, and not otherwise. Beaumont v. Matthew Cartwright Land Co., 224 S. W. 539 (Error Refused); Simpson v. City of Nacogdoches, 152 S. W. 858; Aransas County v. Coleman-Fulton Pasture Company, 191 S. W. 554.

In view of the authorities cited above it is our opinion that the Commissioners' Court or any individual commissioner does not have the legal authority or power to expend any portion of the principal raised from the sale of bonds for any purposes other than for the purpose for which the bonds were issued, and for those expenses authorized by Article 752q, Vernon's Annotated Civil Statutes.

Under the Texas law the proceeds of bonds, commonly known as the Construction Fund, must be placed in a fund to be used solely for the purpose for which the bonds were voted. The Commissioners' Court, being a court of limited jurisdiction, would have no authority to invest this fund without specific statutory authorization. We have been unable to find any law authorizing the Commissioners' Court to invest this fund in any type of security.

The Legislature has provided for the investment of surplus money in the sinking funds of bond issues in certain enumerated securities. If there is any surplus in the sinking fund of the issue in question, this surplus may be invested in United States War Bonds in compliance with the provisions of Article 779, Vernon's Annotated Civil Statutes.

We regret that we cannot agree with your opinion, but basing our answer on the authorities cited above, we believe

Honorable H. D. Stringer, page #4

that both questions discussed in your opinion should be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Claud O. Boothman
Assistant

COB-s

APPROVED JUN 10, 1942

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN